## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MICHAEL JAMES PETISCA BROWN,  )
                                      )
           Plaintiff,       )
                                        )
v.                                  )     Case No. CIV-21-00385-JD
                                        )
BARRY ROHRBOUGH, detention    )
officer in official capacity and individually, )
and STEPHENS COUNTY, OK,     )
                                        )
          Defendants.     )

## <u>ORDER</u>

Before the Court is a Report and Recommendation [Doc. No. 11] issued by United States Magistrate Judge Shon T. Erwin on August 20, 2021. The Report and Recommendation recommends that with respect to Plaintiff Michael James Petisca Brown's ("Brown") complaint under 42 U.S.C. § 1983 [Doc. No. 1], the Court:

    (1)    dismiss, without prejudice, any official capacity claim for monetary damages against Barry Rohrbough;

    (2)    dismiss, without prejudice, any claim against Stephens County; and

    (3)    conclude that Brown may proceed in his claim for failure to protect against Rohrbough in Rohrbough's individual capacity, limited to the recovery of monetary damages.

Report and Recommendation at 7.

Judge Erwin advised Brown that he may file an objection to the Report and Recommendation with the Clerk of Court by September 7, 2021, and that failure to

timely object to the Report and Recommendation waives the right to appellate review of both factual and legal issues contained in the Report and Recommendation. [*Id.*]. *See also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The record reflects that Brown did not timely file an objection to the Report and Recommendation or request an extension of time to do so.[1] Having reviewed the Report and Recommendation and all filings in this case, the Court agrees with the Report and Recommendation.

The Court therefore **ADOPTS** the Report and Recommendation [Doc. No. 11] for the reasons stated therein. The Court DISMISSES WITHOUT PREJUDICE any official-capacity claim against Rohrbough and any claims against Stephens County. Stephens County is thus terminated as a party in this action.

Brown's remaining individual capacity claim against Defendant Rohrbough remains referred to Judge Erwin for further proceedings. *See* [Doc. No. 4].

---

[1] The Court notes that the Report and Recommendation was returned as undeliverable [Doc. No. 12]. However, Brown is responsible for timely notifying the Court of any change of address, and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4; *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1265 (10th Cir. 1999) ("Any delay in receiving the magistrate's recommendation resulted from [pro se plaintiff's] failure to correct or change his address in a clear and concise way likely to bring it to the court's attention."); Fed. R. Civ. P. 5(b)(2)(C) (paper is served by "mailing it to the person's last known address—in which event service is complete upon mailing"). The Court is not required to make efforts to locate a party's current address. *See Theede*, 172 F.3d at 1267 ("It would be unreasonable to require courts to wade through a party's file in order to determine the most recent or most likely address at which to contact the party. The parties are far better situated to know of any errors in their address information, thus, they bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change. . . . The fact that [plaintiff] is acting pro se does not eliminate this burden.").

IT IS SO ORDERED this 12th day of January 2022.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE